**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WESTERN RADIO SERVICES COMPANY, INC., | No. 16-35105 |
| Plaintiff-Appellant, | D.C. No. 6:14-cv-00747-AA |
| v. | MEMORANDUM[*] |
| JOHN ALLEN, Deschutes National Forest Supervisor; KATE KLEIN, Ochoco National Forest Supervisor; KEVIN LARKIN, Bend-Fort Rock District Ranger; SLATER R. TURNER, Lookout Mountain/Crooked River National Grassland District Ranger; RICK WESSLER, Special Use Permits, Bend/Fort Rock Ranger District; LISA DILLEY, Special Use Permits, Bend/Fort Rock Ranger District; HEIDI SCOTT, Special Use Permits, Ochoco National Forest; KAREN BRAND, Special Use Permits, Ochoco National Forest; UNITED STATES FOREST SERVICE; KENT CONNAUGHTON, Regional Forester; MAUREEN HYZER, Acting Regional Forester, | |
| Defendants-Appellees. | |

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted March 7, 2018
Portland, Oregon

Before:  FISHER, N.R. SMITH and HURWITZ, Circuit Judges.

Western Radio Services Company, Inc. (Western Radio) appeals the district court's dismissal of its claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and summary judgment in favor of the United States Forest Service on its claims under the Administrative Procedure Act, 5 U.S.C. §§ 702-706 and the Forest Service's counterclaims for trespass and unjust enrichment.  We have jurisdiction under 28 U.S.C. § 1291, we review de novo, *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 593 F.3d 923, 929 (9th Cir. 2010), and we affirm.

1.  The district court properly dismissed Western Radio's *Bivens* claims as foreclosed by precedent.  *See W. Radio Servs. Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1122-23 (9th Cir. 2009) ("[T]he APA leaves no room for *Bivens* claims based on agency action or inaction.").

We decline Western Radio's invitation to fashion a *Bivens* remedy for those Forest Service decisions not subject to administrative appeal – for example, the

Forest Service's decision not to renew certain leases and permits upon expiration – because the absence of authorized appeal procedures does not necessarily render an agency's decision any less final. *See Darby v. Cisneros*, 509 U.S. 137, 146 (1993) ("When an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule, the agency action is final for the purposes of [the APA] and therefore subject to judicial review . . . ." (internal quotation marks omitted)); *cf. W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1196-97 (9th Cir. 1997) (holding a challenge to proposed construction was not ripe for review until the Forest Service concluded its environmental assessment). Western Radio gives us no reason to believe the Forest Service's multiple formal notifications of its decisions do not constitute "final agency action" under the APA, and we review them accordingly. *See Darby*, 509 U.S. at 144-46 (defining "final agency action" under 5 U.S.C. § 704).

2. The district court also properly concluded the Forest Service acted rationally when it (1) revoked Western Radio's existing lease at Sugar Pine Butte; (2) rejected new leases and permits at Sugar Pine Butte, Gray Butte and Round Mountain; (3) back-billed Western Radio for a tenant's rent at Gray Butte; (4) rejected Western Radio's permit and development plans at Sugar Pine Butte and South Paulina Peak; and (5) demanded removal of Western Radio's facilities.

Western Radio has neither pointed to any arbitrary or irrational action by the Forest Service nor identified any further process to which Western Radio was entitled before the revocation or non-renewal of its leases and permits. The Forest Service's decisions were not contrary to the evidence before the agency or implausible in light of it. *See Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 878 F.3d 725, 732-33 (9th Cir. 2017).

3. Finally, the district court properly granted summary judgment on the Forest Service's counterclaims for trespass and unjust enrichment. Contrary to Western Radio's argument, trespass does not require a showing of "interference" with the land or its facilities. *See Rich v. Tite-Knot Pine Mill*, 421 P.2d 370, 373 (Or. 1966). We likewise reject Western Radio's argument that the parties' then-expired lease provisions constrained the Forest Service's options for collecting unpaid fees; the Forest Service properly brought an unjust enrichment claim and was awarded the fees Western Radio would have been charged had it obtained authorization to continue operating at the relevant sites.

**AFFIRMED.**